IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

ROBERT BENBOW,

CASE NO. 13-CA 644
FLA BAR NO. 0739685

Plaintiff,

v.

BOARD OF TRUSTEES, FLORIDA
A & M UNIVERSITY, a public body
corporate,

Defendant.
_____/

## COMPLAINT

Plaintiff, ROBERT BENBOW, hereby sues Defendant, BOARD OF TRUSTEES, FLORIDA A & M UNIVERSITY, a public body corporate, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, ROBERT BENBOW, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his national origin (American)/race, as well as his age.

4. At all times pertinent hereto, Defendant, BOARD OF TRUSTEES, FLORIDA A & M UNIVERSITY, a public body corporate, has been organized and existing, or operating, under the

laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and/or with the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was initially hired by Defendant in or about 1982 and was employed as an Instructor within the Civil and Construction Engineering Technology Programs.

7. In or about October 2010, Plaintiff was provided an ostensible "terminal" contract due to accreditations requirements affecting Defendant. Plaintiff had previously been provided "terminal" contracts that did not result in ultimate dismissal, hence it was likely that Plaintiff's contract might not terminate.

8. Thereafter, and during late 2010 and through October 2011, Defendant's agents Ohenekome Onokpise, Yves Anglade, and Makolla Abdullah, (each non-American born) caused or attempted to cause the full and final termination of Plaintiff's employment with Defendant and his replacement with at least one significantly younger employee.

9. By way of example, the above described individuals, separately and/or in concert, delivered letters or other memoranda to Defendant's administration and/or accreditation bodies outlining deficiencies with Plaintiff's qualifications and/or academic credentials. Moreover, one or more of these individuals falsely claimed that Plaintiff had been provided an alternative employment

2

opportunity despite that Plaintiff had not been offered such opportunity or the opportunity had not been sufficiently presented for Plaintiff's acceptance.

10. By way of further example, Plaintiff was stripped of certain duties and responsibilities and was provided arbitrary assignments, while his former duties and responsibilities were transferred to younger employees. Moreover, Plaintiff was placed under the assignment of fully tenured faculty that failed to supervise his work or otherwise review his work. Additionally, Plaintiff was required to perform work without recognition or others received recognition for his work.

11. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her fee for these services. Defendant should be made to pay said fee under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I

### NATIONAL ORIGIN/RACE DISCRIMINATION

12. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

13. This is an action against Defendant for discrimination based upon national origin/race brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

14. Plaintiff has been the victim of discrimination on the basis of Plaintiff's national origin/race in that Plaintiff was treated differently than similarly situated employees of Defendant who are Haitian or of Haitian descent and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's national origin.

15. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or

3

it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

16. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a national-origin/race based nature and in violation of the laws set forth herein.

17. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

18. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon national origin/race in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

19. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II
## AGE DISCRIMINATION

20. Paragraphs 1 through 11 are realleged and incorporated herein by reference. This Count is pled in the alternative.

21. This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

22. Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger applicants and/or employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's age.

23. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statute referenced above.

24. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

25. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse employment action being taken against Plaintiff.

26. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

27. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) An injunction restraining continuing violations of the laws;

(b) Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c) Reinstatement of full fringe benefits and seniority rights, to the extent such were available to Plaintiff;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) All damages as allowed by law;

(f) Attorney's fees, costs and cost of this action, and

(g) Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 1st day of March, 2013.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
Michelle@mattoxlaw.com
Mary@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF