## PROCEDURAL BACKGROUND

The Plaintiff, Robert Benbow, an "African American", brings a two-count complaint alleging race/national origin discrimination and age discrimination in violation of Chapter 760, *Florida Statutes*, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a.  The Plaintiff alleges that he is a member of a protected class, national origin "(American)/race, as well as age." (See ¶ 3, Plaintiff's Complaint).  Moreover, Plaintiff alleges that Defendant has taken action and/or allowed action to be taken against Plaintiff specifically that Defendant failed to renew Plaintiff's year-to-year contract as an instructor within the Civil and Construction Engineering Technology Program at FAMU because his black "Haitian" supervisor discriminates against "African Americans." (See Exhibit 9). The Plaintiff further alleges he "has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger applicants and/or employees of the Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's age. (See ¶ 21, 22, Plaintiff's Complaint).  There is no allegation which laws were violated.

## STANDARD OF PROOF

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 251).

**FACTUAL BACKGROUND**

Plaintiff was hired by FAMU on or about January 1984 within academic affairs (faculty/instruction). (See Plaintiff's Complaint ¶ 6). He was an "instructor" in the Civil and Construction Engineering Technology Programs. (See Plantiff's Complaint ¶ 6). (CESTA). In 2004-2005, FAMU underwent an accreditation review that

determined Benbow, along with other faculty members, was not qualified to offer educational services because he did not possess a master's degree or higher. (See Exhibits 16, 7). Thus, he was not qualified to teach in higher education but was given an assistant duties to assist faculty of record for each class in conducting experiments. FAMU permitted Benbow to retain faculty status and privileges despite him not having the proper qualifications. (See Exhibit 15).

Benbow was on a yearly contract and did not have tenure status. On October 20, 2010, he was given a notice of non-reappointment and offered his "terminal" contract with FAMU. The notice provides twelve (12) months notification that an employee's contract will not be renewed from the date of the notice. (See Exhibits 15, 13). Undisputedly, this notice of non-reappointment was issued more than a year prior to the instant charge being filed.

**LEGAL ANALYSIS-TIMELINESS**

Based upon the facts of this case, all claims are barred by the 300-day window of time for filing a charge, respectively. "Title VII requires aggrieved persons to file a complaint with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." Delaware State College v. Rick, 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980), quoting 42 U.S.C. 2000e-5e. In a deferral state like Florida, which has a state agency (i.e. FCHR) in place with the

authority to grant or seek relief from the alleged discriminatory practice, the period for filing a charge of employment discrimination with the EEOC is within 300 days after learning of an allegedly unlawful employment practice or incident. 42 U.S.C. 2000e-5e; see Maynard v. Pneumatic Products Corp., 265 F.3d 1259, 1262 (11th Cir. 2001). The extended period, however, is available only if the aggrieved person "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practices…" 42 U.S.C. 2000e-5e. The FCRA requires that an aggrieved person file a charge with FCHR within 365 days of the alleged violation pursuant to Section 760.11, Florida Statutes. See Matthews v. City of Gulfport, et al., 72 F.Supp.2d 1328, 1334 (M.D. Fla 1999).

    The instant complaint is untimely because the charge was not filed until April, 6, 2012 (See Exhibits 1 & 9). The notice of non-reappointment issued on October 20, 2010 (See Exhibits 1 & 8). This case is analogous to the seminal case on timeliness decided by the Supreme Court in Delaware State College v. ricks, 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed. 2d 431 (1980). In that case, the Court unequivocally held that notice of termination of the employment contract constituted the accrual date for an employee's cause of action. Id. ("like many college and universities, Delaware State has a policy of not immediately discharging a junior faculty member who does not receive tenure. Rather, such a person is offered a "terminal contract" to teach one additional year. When that contract expires, the employment relationship ends"). Like

here, Benbow was givFen his terminal contract with a year's notice prior to the date of the contract's expiration. Therefore, Plaintiff Benbow had one year from the date he was notified of non-reappointment to file his charge but failed to do so. FAMU, like Delaware State, provides the same early notice requirement unique to higher education whether the faculty member is tenure earning or not. The collective bargaining agreement between FAMU and the faculty union requires this notice to instructors like those employees referenced in the Delaware State case.

Based on the above cited reasons and legal authorities, the Plaintiff's complaint is time-barred and without merit. He waited more than a year after he know of termination to file the charge with EEOC.

### RACE/NATIONAL ORIGIN

Plaintiff alleges his Haitian supervisor discriminated against Plaintiff because he is an African-American. Plaintiff's supervisor is black. When asked, how his Haitian supervisor discriminated against Plaintiff, Plaintiff replied only, "He is Haitian." Plaintiff offered no other explanation or any incident or words disparaging African-Americans. (See Exhibit 2). Moreover, everyone involved in the decision to not renew Plaintiff's year to year contract was African-American save Dr. Anglade, who was Haitian. (See Exhibits 16, 7, 8, 14, 13, 15).

### AGE DISCRIMINATION- DISPARATE TREATMENT

In *Hazen Paper co. v. Biggins,* 507 U.S. 604 (1993), the Supreme Court required

ADEA plaintiffs to prove that an employer took adverse action "because of" age and that age was the "reason" the employer acted. The court held that Congress did not intend to amend the ADEA when it permitted disparate impact claims to Title VII coverage. The *Hazen* Court held that proof of intentional discrimination (disparate treatment) is required for disparate treatment age-related discrimination claims. (See Exhibit 3).

Under this theory, a successful plaintiff must prove that age "actually played a role in the employer's decision-making process and had a determinative influence on the outcome" (Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 141 (2000)). To succeed on an ADEA claim, it must be established that the plaintiff would not have been terminated "but for" the employer's intentional age-based discrimination (Chiaramonte v. Fashion Bed Group, INC., 129 F.3d 391, 396 (7th Cir. 1997)).

Based on the above cited reasons and legal authorities, the Plaintiff's complaint is time-barred and without merit. He waited more than a year after he knew of termination to file the charge with EEOC. Additionally, Plaintiff cannot identify any younger persons that have replaced Plaintiff's position. Moreover, Plaintiff's contract was not renewed by Dr. Cynthia Hughes Harris, Ph.D, an African-American female who is Provost and Vice President of Academic Affairs. (See Exhibit 8).

WHEREFORE, the Florida Agricultural and Mechanical University Board of Trustees respectfully requests the Court enter an order Granting Defendant's Motion

for Summary Judgment and awarding to Defendant its reasonable attorneys' fees and costs; and, grant such other relief as may be necessary and appropriate.

      Respectfully submitted,

/s/William Woodyard II
William Woodyard II, Esq.
Willam Woodyard, P.A.
Fla. Bar No. 852848
P.O. Box 10907
Tallahassee, FL  32302-2907
*Attorney for Defendant,*
*Florida Agricultural and Mechanical University*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Marie A. Mattox, Esq., and Lauren Strickland, Esq. at MARIE A. MATTOX, P.A., 310 East Bradford Road, Tallahassee, FL 32303.

/s/ William Woodyard
William Woodyard